

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL L. HOLT,<br><br>    Plaintiff,<br><br>v.<br><br>99 CENT STORE OF RENO, NV., *et al.*,<br><br>    Defendants. | 3:17-cv-00051-MMD-VPC<br><br>**REPORT AND RECOMMENDATION**<br>**OF U.S. MAGISTRATE JUDGE** |

    This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. This action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and L RIB 1-4. Before the court is Michael Holt's ("plaintiff") second amended complaint (ECF No. 7). For the reasons discussed below, the court recommends that the amended complaint be dismissed without prejudice and without leave to amend.

    **I.    BACKGROUND AND PROCEDURAL HISTORY**

    Plaintiff filed an application to proceed *in forma pauperis* (ECF No. 1) and a motion of clarification (ECF No. 4). This court construed plaintiff's motion of clarification as his first amended complaint. On June 1, 2017, this court issued a screening order, in which it screened both the application to proceed *in forma pauperis* and the first amended complaint. (ECF No. 5.) First, this court granted plaintiff's application to proceed *in forma pauperis*. (*Id.* at 1). Second, this court addressed plaintiff's first amended complaint, which consisted of references to various federal and state laws followed by vague, conclusory statements. (*Id.* at 2-3). Notwithstanding this, this court determined that plaintiff's allegations could potentially give rise to a race discrimination claim or a hostile work environment claim, if properly repled. (*Id.* at 3-4). In addition, this court advised plaintiff that non-employer individuals, including supervisory employees, cannot be held liable under Title VII. (*Id.* at 4-5). Therefore, a Title VII claim would

not be cognizable against any employee, even the manager, of the 99 Cent Store of Reno, Nevada. (*Id.* at 5). On June 29, 2017, plaintiff filed his second amended complaint.

## II. LEGAL STANDARD

*Pro se* civil rights complaints are governed by 28 U.S.C. § 1915A. Section 1915A provides, in relevant part, that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A complaint is frivolous when "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., delusional scenarios). *Id.* at 327–28; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard when reviewing the adequacy of a complaint under § 1915. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

The complaint is construed in a light most favorable to the plaintiff. *Chubb Custom Ins. Co. v. Space Systems/Loral Inc.*, 710 F.3d 946, 956 (9th Cir. 2013). Under Rule 12(b)(6), the court is to dismiss when the complaint fails to "state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The court must accept as true all well-pled factual allegations, set aside legal conclusions, and verify that the factual allegations state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The complaint need not contain detailed factual allegations, but must offer more than "a formulaic recitation of the elements of a cause of action" and "raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555. Particular care is taken in reviewing the pleadings of a *pro se* party, for a more forgiving standard applies to litigants not represented by counsel. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Still, a liberal construction may not be used to supply an essential element of the claim not initially pled. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). If

dismissal is appropriate, a *pro se* plaintiff should be given leave to amend the complaint and notice of its deficiencies, unless it is clear that those deficiencies cannot be cured. *Cato v. United States*, 70 F.3d 1103, 1107 (9th Cir. 1995).

### III.   DISCUSSION

Plaintiff's second amended complaint utterly fails to correct the defects identified in this court's prior screening order. First, plaintiff failed to consider this court's recommendation that his allegations, if anything, could give rise to a race discrimination claim or a hostile work environment claim, if properly replead. Instead, plaintiff again lists of a multitude of state and federal laws followed by incomplete, disorganized sentences. (*See* ECF No. 7.)

Second, plaintiff disregarded the parameters of Title VII as it relates to stating a claim against non-employer individuals. *See, e.g., Holly D. v. Cal. Inst. of Tech.*, 339 F.3d 1158, 1179 (9th Cir. 2003) ("Title VII does not provide a cause of action for damages against supervisors or fellow employees."); *Pink v. Modoc Indian Health Project, Inc.*, 157 F.3d 1185, 1189 (9th Cir. 1998) (noting that "civil liability for employment discrimination does not extend to individual agents of the employer who committed the violations."). Instead, plaintiff names 99 Cent Store of Reno, Nevada employees and the stocking staff supervisor as the defendants in his second amended complaint. (ECF No. 7 at 2.) Further, plaintiff does not name the 99 Cent Store of Reno, Nevada as a defendant, despite it being the only viable defendant in his Title VII claim. *Miller v. Maxwell's Intern. Inc.*, 991 F.2d 583, 587 (9th Cir. 1993) ("The liability schemes under Title VII . . . limit civil liability to the employer.").

### IV.   CONCLUSION

Although the court construes plaintiff's complaint liberally, even "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122. F.3d 1251, 1257 (9th Cir. 1997). For all the foregoing reasons, plaintiff has failed to state a colorable § 1983 claim against any of the named defendants, and the amended complaint must be dismissed. While mindful that *pro se* litigants are generally entitled to notice of the deficiencies in the complaint and an opportunity to amend, *Cato*, 70 F.3d at 1106, the court concludes that further leave to amend would be futile in this case.

Plaintiff was previously advised of the applicable legal standards and granted the opportunity to cure the defects discussed above. (*See* ECF No. 5.) Plaintiff was either unable or unwilling to do so. Therefore, plaintiff's second amended complaint and this action should be dismissed without leave to amend. *See, e.g.*, *Frank v. City of Henderson*, 2015 WL 5562582, at *5 (D. Nev. Sept. 21, 2015) (finding further leave to amend futile where plaintiffs amended complaint and again failed to allege sufficient facts to support § 1983 claim); *Piovo v. Stone*, No. 2:13–cv–01922–APG–GWF, 2015 WL 1014344, at *3 (D. Nev. March 9, 2015) (dismissing without leave to amend where plaintiff failed "to adequately allege a federal claim despite being given three opportunities to do so").

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of judgment.

## V.   RECOMMENDATION

IT IS THEREFORE RECOMMENDED that plaintiff's amended complaint (ECF No. 7) be **DISMISSED WITHOUT PREJUDICE, WITHOUT LEAVE TO AMEND;**

IT IS FURTHER RECOMMENDED that the Clerk **ENTER JUDGMENT** and close this case.

DATED: July 24, 2017

_____
UNITED STATES MAGISTRATE JUDGE